Brian M. Blum, 024243
**BLUM LAW OFFICE, PLC**
8283 N. Hayden Rd., Suite 135
Scottsdale, Arizona  85258
Tel: (480) 292-8423 | Fax: (480) 240-1355
bmb@blumplc.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Communications, Inc., a Delaware corporation, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) (Violation of The Cable<br>) Communications Policy Act; Violation of<br>) Electronic Communications Privacy Act; |
| Bradley Dixon Burns, | ) Violation of A.R.S. §§13-3709, 13-3710;<br>) Unjust Enrichment) |
| Defendant. | ) |
| | ) (Jury Trial Demanded) |

## PARTIES, JURISDICTION AND VENUE

1.      Cox Communications, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Plaintiff has offices in Maricopa County, Arizona.

2.      Upon information and belief, Bradley Dixon Burns ("Defendant") is a married man residing in Chester County, Pennsylvania.

3.      Upon information and belief, Defendant resided in Maricopa County, Arizona from 1999 or earlier until 2005 or 2006.

4.      This Court has jurisdiction under 28 U.S.C. § 1331.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b).  The events giving rise to this complaint occurred in this District.

BLUM LAW OFFICE PLC
Scottsdale, Arizona

**GENERAL ALLEGATIONS**

6.     Plaintiff realleges the preceding paragraphs.

7.     Plaintiff is the owner and operator of a cable television system used for the signal generation, transmission and reception of video programming to subscribers within the State of Arizona and nationwide.

8.     Plaintiff sells "basic," "standard," and "premium" programming packages to subscribers for a monthly fee.  Additionally, Plaintiff sells Pay-Per-View programming, a service that enables subscribers to purchase individual movies, sporting events or other entertainment for a per event fee over and above programming package fees.

9.     Plaintiff transmits the programming signal from its reception facilities to residential subscribers through a network of cable wiring and equipment (the "System").

10.     Plaintiff encodes ("scrambles") the signal for specific programming as a security measure to prevent unauthorized access to programs.   Plaintiff provides subscribers with a device (the "Set-top Box") that converts and decodes the signal into a form that subscribers can view on a television set.  Plaintiff controls which programs a subscriber can view by remotely programming the Set-top Box to display the programs the subscriber has ordered.

11.     Upon information and belief, beginning on or about July 1, 1999, and within thirty days thereafter, Defendant purchased at least twelve bootleg "pirate" cable television decoding equipment devices (the "Piracy Equipment") from Wholesale Electronics, a manufacturer and distributor of such illegal equipment.

12.     Upon information and belief, the Piracy Equipment was mailed to Defendant at his former address located at 3507 E. Coolidge Street, Phoenix, Arizona 85018.

13.     Plaintiff first discovered that Defendant had purchased the Piracy

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1  Equipment on or around June 1, 2006.

2      14.    The Piracy Equipment was designed only for the purpose of circumventing

3  the security functions of Plaintiff's scrambling technology to allow the user to view

4  premium and Pay-Per-View cable television programs without paying the requisite

5  subscription fee.

6      15.    Upon information and belief, Defendant sold and distributed the Piracy

7  Equipment to third parties.

8  **COUNT ONE**

9  **Violation of The Cable Communications Policy Act, 47 U.S.C. § 553(a)(1)**

10  **(Intercepting or receiving for Defendant's use)**

11      16.    Plaintiff realleges the preceding paragraphs.

12      17.    Upon information and belief, Defendant violated 47 U.S.C. § 553(a)(1) when

13  he connected the Piracy Equipment to the System in order to intercept or receive or

14  assist in intercepting or receiving the communications service offered over Plaintiff's cable

15  system.  Defendant's action was unauthorized by Plaintiff.

16      18.    Plaintiff has suffered injury as a result of Defendant's conduct.

17      19.    Plaintiff has no adequate remedy at law to redress continued violations.

18  **WHEREFORE**, Plaintiff requests that this Court:

19      A.    Grant a temporary and final injunction to prevent or restrain continued

20  violations of 47 U.S.C. § 553(a)(1) pursuant to 47 U.S.C. § 553(C)(2)(A);

21      B.    Award Plaintiff its actual damages in an amount to be proven at trial

22  pursuant to 47 U.S.C. § 553(C)(3)(A)(i);

23      C.    Award Plaintiff statutory damages in the maximum amount of $10,000

24  pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

BLUM LAW OFFICE PLC
Scottsdale, Arizona

D.     Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C); and

E.     Grant Plaintiff other such relief deemed just and proper.

**COUNT TWO**

**Violation of The Cable Communications Policy Act, 47 U.S.C. § 553(a)(1)**

**(Assisting in intercepting or receiving)**

20.    Plaintiff realleges the preceding paragraphs.

21.    Upon information and belief, Defendant violated 47 U.S.C. § 553(a)(1) when he distributed the Piracy Equipment to third parties in order assist them in intercepting or receiving the communications service offered over Plaintiff's cable system.   Defendant's action was unauthorized by Plaintiff.

22.     Upon information and belief, Defendant distributed the Piracy Equipment to third parties willfully and for purposes of commercial advantage or private financial gain.

23.    Plaintiff has suffered injury as a result of Defendant's conduct.

24.    Plaintiff has no adequate remedy at law to redress continued violations.

**WHEREFORE**, Plaintiff requests that this Court:

A.     Grant a temporary and final injunction to prevent or restrain continued violations of 47 U.S.C. § 553(b)(2) pursuant to 47 U.S.C. § 553(C)(2)(A);

B.     Award Plaintiff its actual damages in an amount to be proven at trial pursuant to 47 U.S.C. § 553(C)(3)(A)(i);

C.     Award Plaintiff statutory damages in the maximum amount of $50,000 for the first offense and $100,000 for each additional offence pursuant to 47 U.S.C. § 553(b)(2);

D.     Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. §

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1  553(c)(2)(C); and

2          E.      Grant Plaintiff other such relief deemed just and proper.

3                                    **COUNT THREE**

4      **Violation of The Cable Communications Policy Act, 47 U.S.C. §§ 605(a), 605(e)(4)**

5          25.     Plaintiff realleges the preceding paragraphs.

6          26.     Upon information and belief, Defendant violated 47 U.S.C. §§ 605(a) and

7  605(e)(4) when he knowingly distributed the Piracy Equipment to third parties in order

8  assist them in intercepting or receiving the communications service offered over Plaintiff's

9  cable system.  Defendant's action was unauthorized by Plaintiff.

10         27.      Upon information and belief, Defendant distributed the Piracy Equipment to

11  third parties willfully and for purposes of commercial advantage or private financial gain.

12         28.     Plaintiff has suffered injury as a result of Defendant's conduct.

13         29.     Plaintiff has no adequate remedy at law to redress continued violations.

14         30.     Grant Plaintiff other such relief deemed just and proper.

15  **WHEREFORE**, Plaintiff requests that this Court:

16         A.      Grant a temporary and final injunction to prevent or restrain continued

17  violations of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

18         B.      Award Plaintiff its actual damages in an amount to be proven at trial and the

19  profits of Defendant that are attributable to the violation of 47 U.S.C. § 605(a) pursuant to

20  47 U.S.C. § 605(e)(3)(C)(i)(I);

21         C.      Award Plaintiff statutory damages in the maximum amount of $10,000 for

22  each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I);

23         D.      Award Plaintiff additional damages in the maximum amount of $100,000 for

24  each violation of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) because

BLUM LAW OFFICE PLC
Scottsdale, Arizona

BLUM LAW OFFICE PLC
Scottsdale, Arizona

Defendant acted willfully and for purposes of direct or indirect commercial advantage or private financial gain;

E.      Award Plaintiff statutory damages in the maximum amount of $100,000 for each violation 47 U.S.C. § 605(e)(4) pursuant to pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

F.      Award Plaintiff its attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii); and

G.      Grant Plaintiff other such relief deemed just and proper.

## COUNT FOUR

**Violation of Electronic Communications Privacy Act 18 U.S.C. §§ 2510, *et seq.***

31.     Plaintiff realleges the preceding paragraphs.

32.     Upon information and belief, Defendant violated 18 U.S.C. §§ 2510 when he connected the Piracy Equipment to Plaintiff's System with the intent to intercept, or procure another person to intercept or endeavored to intercept a wire, oral, or other electronic communication.

33.     Plaintiff has suffered injury as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Court:

A.      Pursuant to 18 U.S.C. § 2520(b)(1), permanently enjoin Defendant from purchasing, using, selling, or distributing any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services.

B.      Award Plaintiff damages pursuant to 18 U.S.C. § 2520(c)(2) in an amount equal to the greater of (1) Actual damages in an amount to be proven at trial, pursuant to 18 U.S.C. § 2520(c)(2); or (2) Statutory damages of whichever is greater of $100 a day for each violation or $10,000;

C.    Award Plaintiff its attorneys' fees and costs pursuant to 18 U.S.C. 2520(b)(3);

D.    Award Plaintiff punitive damages in an amount to be proven at trial pursuant to 18 U.S.C. § 2520(b)(2); and

E.    Grant Plaintiff other such relief deemed just and proper.

**COUNT FIVE**

**Violation of Ariz.Rev.Stat. § 13-3709**

34.    Plaintiff realleges the preceding paragraphs.

35.    Plaintiff operates a "cable television system" within the meaning of Ariz.Rev.Stat ("A.R.S.") § 9-505.  The Piracy Equipment is an "unauthorized device" as defined in A.R.S. §13-3709.

36.    Upon information and belief, Defendant violated A.R.S. § 13-3709 when he connected the Piracy Equipment to Plaintiff's System with the intent to defraud Plaintiff of part of the lawful charge for services provided by Plaintiff.

**WHEREFORE** Plaintiff requests that this Court:

A.    Permanently enjoin Defendant from purchasing or using any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services;

B.    Award Plaintiff actual damages in an amount to be proven at trial;

C.    Award Plaintiff its attorneys' fees and costs pursuant to A.R.S. § 13-3709(E); and

D.    Award Plaintiff other such relief deemed just and proper.

**COUNT SIX**

**Violation of Ariz.Rev.Stat. § 13-3710**

37.    Plaintiff realleges the preceding paragraphs.

BLUM LAW OFFICE PLC
Scottsdale, Arizona

38.    Plaintiff operates a "cable television system" within the meaning of Ariz.Rev.Stat ("A.R.S.") § 9-505.  The Piracy Equipment is an "unauthorized device" as defined in ARS §13-3709.

39.    Upon information and belief, Defendant violated A.R.S. § 13-3710 when he distributed the Piracy Equipment for profit to third parties with the intent to defraud Plaintiff of part of the lawful charge for services provided by Plaintiff.

**WHEREFORE** Plaintiff requests that this Court:

A.    Permanently enjoin Defendant from purchasing or using any equipment which enables him to defraud Plaintiff of part of the fee Plaintiff charges for its services;

B.    Award Plaintiff actual damages in an amount to be proven at trial;

C.    Award Plaintiff its attorneys' fees and costs pursuant to A.R.S. § 13-3710(B); and

D.    Award Plaintiff other such relief deemed just and proper.

**COUNT SEVEN**

**Unjust Enrichment**

40.    Plaintiff realleges the preceding paragraphs.

41.    Upon information and belief, Defendant used Plaintiff's services without paying the proper subscription fee.

42.    No remedy at law sufficiently addresses Defendant's unjust enrichment.

**WHEREFORE**, Plaintiff requests that this Court:

43.    Award Plaintiff its actual damages in an amount to be proven at trial;

A.    Award Plaintiff its attorneys' fees and costs; and

B.    Award Plaintiff any other relief deemed just and proper.

//

BLUM LAW OFFICE PLC
Scottsdale, Arizona

DATED: May 12, 2008.          **BLUM LAW OFFICE, PLC**

s/ Brian M. Blum
Brian M. Blum
Attorney for Plaintiff

BLUM LAW OFFICE PLC
Scottsdale, Arizona

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24